PORTLAND VEOS TILE & FLOORING CO., INC.
*vs.*
ABRAHAM E. ROSEN
AND
RUTH E. ROSEN

York.   Opinion, April 3, 1956.

*Bennett Fuller,*
*Robinson, Richardson & Leddy,* for plaintiff.

*Bernstein & Bernstein,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ. MURRAY, A. R. J. TAPLEY AND CLARKE, JJ., did not sit.

WEBBER, J.   The plaintiff in equity seeks to impose a lien for materials and labor furnished on defendants' premises. That the plaintiff furnished lienable items in the amount found by the justice below is not questioned. The issue before us on appeal is raised by his finding on a cross-bill in which the defendants allege that the plaintiff while doing its work negligently scratched and damaged certain bathtubs on the premises. The justice below found for the defendants on the issue of negligence and assessed damages against the plaintiff in the amount of $1,000.

Specifically, the plaintiff was employed to install wall and floor covering of tile or similar material in bathrooms in defendants' motel. It is not disputed that after plaintiff's men had worked in the several bathrooms it was discovered that the tubs were scratched and gouged. Some seventeen bathtubs are involved in the dispute, all but one of which were purchased new by defendants. The question is then whether the evidence would permit the finding that plaintiff and its employees caused and were responsible for the admitted damage. The rule is well established that upon appeal the evidence is reviewed to determine whether or not the decision of the justice below was clearly wrong as to facts. If not, it must be affirmed. The plaintiff's contention is that the responsibility of the plaintiff rests upon nothing stronger than mere surmise and conjecture. The defendants assert that plaintiff's responsibility is shown by proven facts and reasonable inferences drawn from those facts. The justice below saw and heard the witnesses and had the advantage of a view and a careful inspection of the premises and the tubs as an aid to his understanding of the testimony.

The evidence would justify findings that the tubs which were purchased new were in good condition when they were delivered and installed; that before starting their work in any bathroom, the plaintiff's men cleaned the tubs and observed neither scratches nor gouges in any of them; that in the course of installing the tile on the walls it became necessary for plaintiff's workmen to stand and move about in the tubs for two or three hours at a time; that quantities of sand, gravel and grit were being tracked into the buildings from the outside and inevitably found their way into the tubs; that plaintiff's workmen were inserting between the tiles a material referred to as "grout," surplus quantities of which constantly fell to the bottom of the tubs where it could, and it is reasonable to conclude did, become mixed with sand, gravel and grit and formed an abrasive

mixture capable of inflicting scratches and gouges under the feet of workmen moving about in the tubs; that during the course of plaintiff's work the owner on one occasion called the plaintiff's attention to the fact that wrapping paper was being used as the only protection under the feet of plaintiff's workmen, pointed out the danger of scratching the tubs, and remonstrated with the plaintiff for the insufficiency of precautions; that the plaintiff's representative then indicated that the price for the job was not adequate to justify the taking of greater precautions and that the owner would be protected as to any damage caused by plaintiff's workmen. The plaintiff was unable to show that plumbers, painters, carpenters or other workmen stood and worked in the tubs before the damage was discovered. Only the plaintiff's workmen are shown to have so worked in the tubs. Neither was the plaintiff able to contradict the affirmative evidence offered on behalf of the defendants that the seventeen tubs were in good condition and free of marring scratches and gouges when they arrived and were installed. The plaintiff places great emphasis on the fact that five other tubs not involved in this dispute showed evidence of scratches admittedly not caused by plaintiff's workmen. Although this was certainly an element to be given consideration in determining the weight to be given to the evidence favorable to the defendants' contentions, we cannot say that it was so controlling as to render the findings of fact of the justice below clearly wrong. We think that a reasonable inference could properly be drawn that the abrasive mixture in the bottoms of the tubs was pressed and moved about under the weight of plaintiff's workmen in such a manner as to scratch and gouge the enameled surface of these tubs. There is ample evidence to support the assessment of money damages. Accordingly the entry will be,

*Appeal denied.*

*Decree affirmed.*